1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 14 BRIDGET BRADFORD, | ) | 1: 04 CV F 6031 AWI DLB P |
| 15        Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| 16     v. | ) | RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS |
| 17 DEPARTMENT OF CORRECTIONS, et. al., | ) | |
| 18 | ) | |
| 19        Defendants. | ) | |

   Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On February 18, 2005, plaintiff filed an amended complaint. On May 5, 2005, the Court issued an Order finding that the amended complaint stated cognizable claims against defendants Suryadevera, Hodgdon, Schoonard and Paine but failed to state claims against the remaining defendants. The Court ordered plaintiff to advise whether she wanted to proceed against these defendants only or wanted to file a second amended complaint. On July 25, 2005, plaintiff advised that she wanted to proceed against defendants Suryadevera, Hodgdon,

Schoonard and Paine only and did not want to file a second amended complaint.  The Court therefore now recommends that the action proceed accordingly and that defendants Woodford, the California Department of Corrections, Mitchell, Barrett, Kruse, Cordoza, Wait and Kwock be dismissed.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against Jean Woodford, Director of Corrections; the California Department of Corrections; Gwendolyn Mitchell, Warden of the Central California Women's Facility ("CCWF"); Dr. Suryadevera; Nurse Barrett; Dr. Kruse; S. Hogdon; A. Cordoza; Captain Schoonard; J. Paine; D. Wait; and G. Kwock.

Plaintiff alleges that she has been diagnosed with conditions which cause her debilitating pain and therefore she was placed on a short walk chrono.  She alleges that in November 2003, Dr. Suryadevera rescinded the chrono without any consideration for her conditions and with deliberate indifference.  Plaintiff further alleges that in July 2002 she was given a medical chrono to go braless because of her fibrosis condition.  She alleges that defendant Paine disciplined her for not wearing a bra, despite the chrono, in retaliation for previously filing 602 complaints.  She alleges that in October 2003, Dr. Suryadevera also rescinded this chrono in retaliation for her filing complaints.

Plaintiff alleges that in November 2003, Captain Schoonard had plaintiff switched from her program assignment to education despite her known problem with concentration.  She alleges the classes caused her stress and anxiety.  She alleges this action was taken in retaliation for her filing and winning appeals.

Plaintiff alleges that in November 2003, she suffered mental anguish when she was put near a

teacher, defendant Hodgdon, who ignored her "desperate plea of being placed in the same area, where plaintiff had a prior horrible experience." Plaintiff alleges that she asked to see the sergeant about this situation and thereafter, defendant Hodgdon refused to honor her medical chronos.

Plaintiff alleges that defendant Paine harassed her by saying to another inmate, "Yes, she's over there by the TV with all that grease!" (Referring to Plaintiff). Plaintiff alleges that defendant Paine also called her a "braless bitch" and conspired with her sister, defendant Wait, to abuse Plaintiff by confronting her in a hostile manner.

A.   Deliberate Indifference to Serious Medical Needs.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,

U.S. District Court
E. D. California

3

1  Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to
2  establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d
3  1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not
4  support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).
5       In the instant case, plaintiff's allegations regarding rescinding the chronos are sufficient to
6  state a cognizable claim for relief against Dr. Suryadevera for deliberate indifference to serious
7  medical needs in violation of the Eighth Amendment.
8       B.    Retaliation
9       Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition
10 the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
11 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989).  To establish a prima
12 facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a
13 protected activity, and defendants' actions did not serve a legitimate penological purpose.  See
14 Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.
15 1995).  A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between
16 the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).  McDonald v. Hall,
17 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S.
18 274 (1977).  The prisoner must submit evidence, either direct or circumstantial, to establish a link
19 between the exercise of constitutional rights and the allegedly retaliatory action.  Pratt, 65 F.3d at
20 806.  Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence
21 of retaliatory intent.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).
22      Plaintiff's allegations are sufficient to state cognizable claims for retaliation against
23 defendants Hodgdon, Schoonard Suryadevera and Paine.
24      C.    Verbal Harassment
25      Plaintiff's allegations regarding defendants Paine and Wait's verbal harassment are not
26 cognizable under section 1983.  Mere verbal harassment or abuse is not sufficient to state a
27 constitutional deprivation under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th
28

Cir. 1987).

D.   California Department of Corrections as a Defendant

Plaintiff may not sustain an action against the California Department of Corrections. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the California Department of Corrections is a state agency, it is entitled to Eleventh Amendment immunity from suit.

E.   Supervisory Personnel

Plaintiff has named defendants Jean Woodford, Director of Corrections and Gwendolyn Mitchell, Warden of CCWF based on their supervisory positions. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has

failed to allege facts sufficient to state a prima facie case of supervisory liability against defendants Woodford and Mitchell.

### F. Failure to Link Defendants

Finally, while Plaintiff has named defendants Barrett, Kruse, Cordoza and Kwock as defendants, she has failed to link any conduct on their part with the alleged violation of her constitutional rights.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Because Plaintiff has failed to link defendants Barrett, Kruse, Cordoza and Kwock with some affirmative act or omission, these defendant must be dismissed.

### G. Conclusion

In summary, Plaintiff has stated cognizable claims for relief against defendant Dr. Suryadevera for deliberate indifference to  serious medical needs in violation of the Eighth Amendment.  Plaintiff has also stated cognizable claims for relief against defendants Hodgdon, Schoonard, Suryadevera and Paine for retaliation.  However, Plaintiff has failed to stated cognizable claims for relief against defendants Waite, Woodford, Mitchell, Barrett, Kruse, Cordoza, Kwock and

the California Department of Corrections.  Based on the foregoing, it is HEREBY RECOMMENDED that:

    1.    Defendants Waite, Woodford, Mitchell, Barrett, Kruse, Cordoza, Kwock and the California Department of Corrections be dismissed from this action; and

    2.    The case proceed against defendants Suryadevera, Hodgdon, Schoonard and Paine only.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 27, 2005**                               **/s/ Dennis L. Beck**
3c0hj8                                                    UNITED STATES MAGISTRATE JUDGE