1

2

3

4

5

6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    BRIDGETT BRADFORD,                          CASE NO. CV-F-04-6031 AWI DLB P

10                Plaintiff,                     FINDINGS AND RECOMMENDATIONS
                                                 RECOMMENDING MOTION FOR
11         vs.                                   PRELIMINARY INJUNCTIVE RELIEF
                                                 BE DENIED
12   G. SCHOONARD, et al.,                       [Doc. 39]

13                Defendants.
                                        /
14

15         Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action

16   pursuant to 42 U.S.C. § 1983.  On January 9, 2006, plaintiff filed a document entitled "Motion for

17   Speedy Removal" in which plaintiff requests that the court issue an order transferring her from

18   Chowchilla Women's Facility ("CWF") to Valley State Prison ("VSP") for "preservation, health and

19   safety."  The Court construes this as a motion seeking preliminary injunctive relief.

20         The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

21   so heavily favors the moving party that justice requires the court to intervene to secure the positions until

22   the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395

23   (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination

24   of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and

25   the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937

26   (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable

27   injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the

28   merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits,

                                              1

1    or questions serious enough to require litigation." <u>Id</u>.

2         This action is proceeding against defendant Dr. Suryadevera for deliberate indifference to serious

3    medical needs and against defendants Dr. Suryadevera, Hodgdon, Schoonard and Paine for retaliation.

4    In her motion, plaintiff seeks a court order transferring her to Valley State Prison.  The Court has no

5    authority to make such an order nor does any party named as a defendant in this action.

6         The court is unable to issue any order against individuals who are not parties to a suit pending

7    before it.  <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).  Plaintiff's motion fails

8    to link any alleged conduct or harm to a party named in this action.  In addition, plaintiff's amended

9    complaint does not contain a cause of action for similar permanent injunctive relief.  Rather, in his

10   amended complaint, plaintiff seeks monetary damages and other unrelated injunctive relief.  Because

11   the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a

12   case or controversy.  <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).  Absent such a case or controversy, the

13   court has no power to hear the matter.  <u>Rivera v. Freeman</u>, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).

14        Further, Plaintiff's conclusory request for a transfer order is insufficient to support a motion for

15   preliminary injunctive relief.  Although plaintiff submits her motion in the form of a declaration, her

16   declaration does not support a finding that plaintiff is entitled to preliminary injunctive relief.

17   Accordingly, it is HEREBY RECOMMENDED that plaintiff's motion for preliminary injunctive relief,

18   filed January 9, 2006, be denied.

19        These Findings and Recommendations will be submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days

21   after being served with these Findings and Recommendations, the parties may file written objections

22   with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

23   Recommendations."  The parties are advised that failure to file objections within the specified time may

24   waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

25        IT IS SO ORDERED.

26   **Dated:    September 5, 2006**              **/s/ Dennis L. Beck**
     3b142a                          UNITED STATES MAGISTRATE JUDGE

27

28

                                          2