# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGETT BRADFORD, | CASE NO. 1:04-CV-06031-AWI-DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATION RE DEFENDANTS' MOTION TO DISMISS |
| v. | CLAIMS AGAINST DEFENDANTS SCHOONARD, HODGDON AND PAINE FOR |
| DEPARTMENT OF CORRECTIONS, et al., | FAILURE TO EXHAUST |
| Defendants. | (Doc. 48)\ |
| | **OBJECTIONS DUE MARCH 26, 2007** |

I.  Defendants' Motion to Dismiss

  A.  Procedural History

Plaintiff s a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed February 18, 2005, on plaintiff's Eighth Amendment medical care claim and retaliation claim against defendant Suryadevara and plaintiff's retaliation claims against defendants Hodgdon, Schoonard and Paine. On March 15, 2006, pursuant to Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss on the grounds that plaintiff failed to exhaust the available administrative remedies on plaintiff's claims against Hodgdon, Schoonard and Paine. Plaintiff did not file an opposition to the motion.[1]

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 28, 2005. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

B.    <u>Exhaustion Requirement</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," <u>id</u>. at 2382. Exhaustion must occur prior to filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

C.    <u>Discussion</u>

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. <u>Id</u>. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first

formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 126 S.Ct. at 2383; McKinney, 311 F.3d at 1199-1201.

In amended complaint, plaintiff alleges that defendant Hodgdon retaliated against her for seeking to speak with a sergeant regarding her educational program placement and that defendants Schoonard and Paine retaliated against her for filing administrative appeals.

Defendants Hodgdon, and Paine move for dismissal of the claims against them on the ground that plaintiff did not file inmate appeals grieving the claims against them. Defendant Schoonard moves for dismissal on the ground the plaintiff did not exhaust her administrative remedies with respect to her claim against him.

In support of their motion, defendants Hodgon and Paine submit evidence that the appeals office at Central California Women's Facility (CCWF) has no record of any appeals submitted by plaintiff concerning the claims against defendants Hodgon and Paine. Brown Dec., ¶ 8. Plaintiff has not filed any opposition to the motion. The court therefore finds that plaintiff did not exhaust her retaliation claims against defendants Hodgdon and Brown.

Defendant Schoonard argues he is entitled to dismissal because although plaintiff filed an administrative grievance with respect to her claims against him, she failed to fully exhaust the grievance. Defendant presents evidence that on October 6, 2003, plaintiff filed an administrative appeal regarding her classroom assignment. Brown Declaration, ¶ 7, Exhibit A. The appeal was pursued through the second level, where it was denied. *Id.* There is no record in plaintiff's central file of her ever having submitted this appeal for a Director's Level Decision. Plaintiff did not oppose the motion. The court therefore finds that plaintiff did not exhaust his retaliation claim against defendant Schoonard.

D. Conclusion

The court finds that plaintiff did not exhaust his claims against defendants Hodgdon,

3

Schoonard and Paine.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' Rule 12(b) motion to dismiss, filed March 15, 2006, be GRANTED;

2. Plaintiff's claims against defendants Hodgdon, Schoonard and Paine be dismissed, without prejudice, based on plaintiff's failure to exhaust; and

3. This action proceed on plaintiff's Eighth Amendment and retaliation claims against defendant Suryadevara.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On or before March 26, 2007, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 9, 2007**          /s/ **Dennis L. Beck**
3b142a                        UNITED STATES MAGISTRATE JUDGE