# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGETT BRADFORD, | CASE NO. 1:04-CV-06031-AWI DLB-P |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| v. | (Doc. 67) |
| SURYADEVERA, et al., | |
| Defendants. | ORDER REQUIRING PLAINTIFF TO RESPOND TO MOTION FOR SUMMARY JUDGMENT WITHIN THIRTY DAYS |
| _____/ | THIRTY (30)  DAY DEADLINE |

Plaintiff Bridgett Bradford ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983 and California law.  On March 20, 2008, defendants filed a motion for summary judgment.  Plaintiff was ordered to file an opposition or statement of non-opposition to defendants' motion on May 6, 2008.   (Docs. 65, 66).

On June 2, 2008, plaintiff filed a motion for appointment of counsel in response to the court's order. (Doc. 67).  Plaintiff indicates in her motion materials that she is illiterate and that the person who had been assisting her is no longer available.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).   In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the

most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  See Rand, 113 F.3d at 1525.  Even if it is assumed that plaintiff is not well versed in the law, and that she has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. This court is faced with similar cases almost daily.  The difficulties plaintiff faces in prosecuting this action are no different from those faced by a non-prisoner who is illiterate.

For the foregoing reasons, plaintiff's request for the appointment of counsel is HEREBY DENIED, without prejudice.  Within thirty (30) days from the date of service of this order, plaintiff shall file a response to defendants' motion for summary judgment by filing an opposition or a statement of non-opposition.  If plaintiff fails to file a response to defendants' motion, the Court will recommend that this action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

**Dated:   July 2, 2008**          **/s/ Dennis L. Beck**
                    UNITED STATES MAGISTRATE JUDGE